**The below described is SIGNED.**

**Dated: September 30, 2014**

_____
R. KIMBALL MOSIER
U.S. Bankruptcy Judge



IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Waterford Funding, LLC *et al*.,<br><br>                    Debtors. | Bankruptcy Number: 09-22584<br><br>Chapter 11<br><br>Judge R. Kimball Mosier |
| Gil A. Miller, Chapter 11 Trustee for Waterford Funding, LLC *et al*.,<br><br>                    Plaintiff,<br><br>v.<br><br>Mark Lambourne,<br><br>                    Defendants. | Adversary Proceeding No. 11-2012 |

**MEMORANDUM DECISION ON
MOTION TO COMPEL ABANDONMENT**

This matter came before the court on the 3rd Day of July, 2014 on the motion of Mark

Lambourne (Defendant) filed under 11 U.S.C. § 554(b) seeking an order of the Court compelling

abandonment of adversary proceeding case no. 11-2012, *Miller v. Lambourne*. Lon A. Jenkins

and Sara Goldberg of Dorsey & Whitney LLP appeared on behalf of Gil A. Miller the chapter 11

trustee (Trustee), and Alan L. Smith appeared on behalf of Defendant. After considering the pleadings and argument of counsel, the Court issues this memorandum.

## I.  BACKGROUND

Waterford Funding, LLC and Waterford Loan Fund, LLC filed voluntary petitions under Chapter 11 of the Bankruptcy Code on March 20, 2009 (Petition Date). On January 6, 2010, the Trustee was appointed to serve as the Chapter 11 Trustee. Having entered orders substantively consolidating each of the Debtor entities as of the Petition Date, the Trustee presently serves as the Chapter 11 Trustee for Waterford Funding, LLC, Waterford Services, LLC, Waterford Loan Fund, LLC, Waterford Perdido, LLC, Waterford Candwich, LLC and Investment Recovery, LLC (collectively "Waterford").

On January 3, 2011, the Trustee commenced this adversary proceeding which is brought under 11 U.S.C. §§ 544, 548, 550, 551, 502(d)[1] and various state law claims seeking recovery of $355,477.86 from Defendant.

Defendant seeks an order compelling abandonment of AP 11-2012 arguing that because Defendant has no assets, has a negative net worth and may file bankruptcy, the adversary proceeding is burdensome to the estate or that it is of inconsequential value and benefit to the estate.

---

[1] Statutory references herein are to Title 11 of the United States Code, unless stated otherwise.

The Trustee opposes the motion arguing that the Trustee has no intention of abandoning the adversary proceeding, and that the Trustee is not persuaded that a judgment against Defendant would be uncollectible.

## II. ANALYSIS

Defendant's motion is brought under § 554. Section 554(b) of the United States Bankruptcy Code provides as follows:

> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

Fundamental to any motion brought under § 544(b) is that the motion must seek abandonment of "property of the estate". Section 541 defines property of the estate. The scope of § 541(a)(1) is broad,[2] and all interests of the debtor become property of the bankruptcy estate, including causes of action.[3] However, the adversary proceeding at issue, as opposed to property that may be recovered as a result of the adversary proceeding, is not property of the estate. Section 541(a)(3) states that property of the estate includes "any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title." Adversary proceedings brought by a trustee pursuant to his avoiding powers are not included in the §541 definition of property of the estate. Until a trustee actually recovers property pursuant to his avoiding powers, it is not property of the estate.[4]

---

[2] See *United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983).

[3] *Mauerhan v. Wagner Corp.*, 649 F.3d 1180 n.3 (10th Cir. 2011).

[4] *Rajala v. Gardner*, 709 F.3d 1031, 1038 (10th Cir. 2013).

A trustee's avoidance powers are granted to the trustee by the bankruptcy code and are clearly of value to the estate. But if the trustee's avoidance powers are deemed to be property of the estate, creditors and even defendants, as in this case, would be able to create mischief in the trustee's administration of the bankruptcy estate by challenging the Trustee's business judgment. Creditors, and particularly defendants in avoidance actions, should not be permitted to interfere with the trustee's judgment regarding his exercise of his avoidance powers. Because avoidance actions, as opposed to property recovered as a result of avoidance actions, are not property of the estate, § 554(b) has no application to the Trustee's avoidance action against Mr. Lambourne. For the above reasons, Defendant's motion to compel abandonment under § 554 must be denied.

---------------------------------------------END OF DOCUMENT-------------------------------------------

_____ooo0ooo_____

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing Memorandum Decision on Motion to Compel Abandonment shall be served to the parties and in the manner designated below:

**By Electronic Service:**  I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

Alan L. Smith             Alanakaed@aol.com
Lon A. Jenkins            jenkins.lon@dorsey.com, daniels.heidi@dorsey.com